**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| CARISSA NETHERCUTT, *individually and on behalf of all others similarly situated*, | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| | ) | CASE NO.  _____ |
| v. | ) ) | |
| 32ND STREET USED TIRES, INC.  and STEVEN M. DALTON, | ) ) ) | **JURY DEMANDED** |
| *Defendants.* | ) ) ) | |

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

Comes Plaintiff Carissa Nethercutt, by and through counsel, and, for her Class Action and Collective Action Complaint against Defendants 32nd Street Used Tires, Inc. and Steven M. Dalton, states as follows:

**SUMMARY OF THE ACTION**

1.      Defendant 32nd Street Used Tires, Inc. employed Plaintiff and similarly-situated employees and, as a result, was required to pay overtime compensation to Plaintiff and such employees when they worked more than 40 hours in a workweek.   However, Defendant systematically violated its obligation to pay overtime compensation by only beginning to pay an overtime premium when employees worked more than 45 hours in a workweek.  Defendant Steven M. Dalton controlled Defendant 32nd Street Used Tires, Inc. and caused it to fail to pay the overtime compensation owed.  Accordingly, Plaintiff seeks a judgment against both Defendant 32nd Street Used Tires, Inc. and Defendant Steven M. Dalton for the overtime compensation owed to Plaintiff and similarly-situated employees, together with liquidated damages and attorney's fees and expenses.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the claims of Plaintiff and those similarly situated pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

3.      This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Kentucky Wages and Hours Act ("KWHA") as they are related to Plaintiff's claims under the FLSA; they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant 32nd Street Used Tires, Inc. conducts business in this District (specifically, it operates a retail tire store within the District of the Court), employed Plaintiff and similarly-situated employees in this District in connection with that business, and Defendant Steven M. Dalton took steps within the District of the Court to cause Defendant 32nd Street Used Tires, Inc. to violate the Fair Labor Standards Act and Kentucky Wages and Hours Act.

## PARTIES

5.      Plaintiff is a resident of Boyd County, Kentucky. Plaintiff's consent pursuant to 29 U.S.C. 216(b) to bring this action is attached hereto as Exhibit 1.

6.      Defendant 32nd Street Used Tires, Inc. is a Kentucky for-profit corporation which has a principal place of business at 111 32nd Street, Ashland, KY 41101, and may be served by service of process on its registered agent, Steven M. Dalton, 111 32nd Street, Ashland, KY 41101.

7.      Upon information and belief, Defendant 32nd Street Used Tires, Inc. operates a retail tire store.

8.      Defendant Steven M. Dalton is an individual, and at all relevant times has been an owner and manager of 32nd Street Used Tires, Inc.; Steven M. Dalton controlled 32nd Street Used

Tires, Inc. and caused 32nd Street Used Tires, Inc. to violate the Fair Labor Standards Act and Kentucky Wages and Hours Act with respect to the wages owed to Plaintiff and the similarly-situated employees.

9.      Defendant Steven M. Dalton may be served by service of process at 111 32nd Street, Ashland, KY 41101.

10.      At all times relevant to this Complaint, Defendant 32nd Street Used Tires, Inc. has had at least two employees who have, as part of their job duties, handled goods that have been transported in interstate commerce at some point prior to being handled by such employees.

11.      Specifically, as an example (but without attempting to set forth all possible goods so handled), Defendant 32nd Street Used Tires, Inc. has at all relevant times employed two or more employees who, as part of their job duties, have handled tires which Defendant sells in its business that have been transported in interstate commerce at some point prior to being handled by such employees.

12.      Further, at all times relevant to this Complaint, Defendant 32nd Street Used Tires, Inc. has had at least two employees who have, as part of their job duties, handled materials that have been transported in interstate commerce at some point prior to being handled by such employees.

13.      Specifically, as an example (but without attempting to set forth all possible materials so handled), Defendant 32nd Street Used Tires, Inc. has at all relevant times employed two or more employees who, as part of their job duties, have handled computers and tools and equipment used for changing tires that have been transported in interstate commerce at some point prior to being handled by such employees.

14.     Defendant 32nd Street Used Tires, Inc.'s annual gross volume of sales made or business done have, at all relevant times to this Complaint, exceeded $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

15.     Defendant 32nd Street Used Tires, Inc. is an enterprise engaged in commerce or in the production of goods for commerce, as defined in 29 U.S.C. § 203.

16.     Therefore, the Fair Labor Standards Act applies to all employees of Defendant 32nd Street Used Tires, Inc. under the Fair Labor Standards Act's enterprise coverage provisions.

17.     In the alternative, if the Fair Labor Standards Act's enterprise coverage provisions do not apply to Defendant 32nd Street Used Tires, Inc., Defendant 32nd Street Used Tires, Inc. is nevertheless subject to the Fair Labor Standards Act with respect to the work of Plaintiff and the similarly-situated employees because Plaintiff and the similarly-situated employees were engaged in interstate commerce or in the production of goods for interstate commerce under 29 U.S.C. 207(a)(1).

## FACTUAL ALLEGATIONS

18.      Plaintiff worked for Defendant 32nd Street Used Tires, Inc. as an hourly employee of Defendant 32nd Street Used Tires, Inc..

19.     Plaintiff's work for Defendant 32nd Street Used Tires, Inc. included work within the last three years.

20.     Specifically, Plaintiff worked as an hourly employee of Defendant 32nd Street Used Tires, Inc. during the years 2021 and 2022.

21.     At all relevant times, Defendant 32nd Street Used Tires, Inc. classified Plaintiff as non-exempt under the FLSA.

22.     Moreover, Plaintiff's work was not exempt under any exemption to the FLSA.

23.     Plaintiff in fact worked for Defendant 32nd Street Used Tires, Inc. more than forty hours in one or more workweeks in the last three years, and was not paid by Defendant 32nd Street Used Tires, Inc. all overtime compensation owed for such workweeks.

24.     Defendant 32nd Street Used Tires, Inc. adopted a policy, applicable to all of its employees, of only paying employees overtime compensation if employees worked more than 45 hours in a workweek.

25.     In other words, Defendant 32nd Street Used Tires, Inc. adopted a policy of not paying employees overtime compensation for the first five hours per workweek of overtime work performed in excess of 40 hours in the workweek.

26.     For example, attached hereto as Exhibit 2 is a paystub showing Plaintiff's work for the pay period 11/14/21 to 11/20/21.

27.     Upon information and belief, the one-week pay period Defendant 32nd Street Used Tires, Inc.  utilized for paying employees was the same one-week period as Defendant 32nd Street Used Tires, Inc. utilized as the "workweek" for purposes of calculating the number of hours worked in the workweek for purposes of determining which hours were overtime hours.

28.     Defendant 32nd Street Used Tires, Inc. acknowledged that Plaintiff worked 50 hours and 20 minutes in the workweek 11/14/21 to 11/20/21.

29.     However, Defendant 32nd Street Used Tires, Inc. only paid Plaintiff at a higher rate of pay for 5 hours and 20 minutes designated as "Overtime."

30.     With respect to the first five hours Plaintiff worked in the workweek 11/14/21 to 11/20/21 after Defendant 32nd Street Used Tires, Inc. credited Plaintiff with having worked 40 hours (i.e., hours 40-45 in that workweek), Defendant 32nd Street Used Tires, Inc. only paid Plaintiff her base rate of pay of $10.00 per hour.

31.     This policy of not paying additional pay for overtime work until an employee had worked 45 hours in the workweek was applied to all employees at all relevant times.

32.     In addition to not paying employees overtime compensation for work between 40 and 45 hours in a pay period, Defendant also occasionally illegally delayed payment of overtime compensation.

33.     Specifically, Defendant would state that it had "estimated" hours worked, and pay employees for less hours of overtime work than they had paid in a pay period, then in a later pay period pay the employee the overtime compensation Defendant admitted it owed and had not previously paid.

34.     Defendant could have paid the overtime compensation owed for a particular workweek at the same time as it paid for the non-overtime work performed in that workweek, but chose not to do so and chose to instead pay for overtime compensation for overtime work in a workweek at the later time it paid for non-overtime compensation for a later workweek.

35.     In the alternative, even if Defendant could not have paid the overtime compensation owed for a particular workweek at the same time as it paid for the non-overtime work performed in that workweek, it could have practicably paid the overtime compensation soon than the next regular payday, but chose not to do so.

36.     Both Defendant's practice of not paying overtime, and of paying overtime compensation late, violated the Fair Labor Standards Act and the Kentucky Wages and Hours Act

37.     Plaintiff therefore files this action as a collective action under the Fair Labor Standards Act and as a class action under the Kentucky Wages and Hours Act on behalf of herself and all other employees of Defendant 32nd Street Used Tires, Inc. who worked in Kentucky and were not paid all overtime compensation owed because of Defendant's illegal policy described

above; Plaintiff seeks on behalf of herself and all others similarly situated the unpaid wages Defendant should have paid but did not pay, liquidated damages in an additional amount equal to the amount of unpaid wages, and attorney's fees.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

38.     Plaintiff brings Count I of this action under the FLSA on behalf of herself and all similarly-situated current and former employees of Defendant 32nd Street Used Tires, Inc. who worked as non-exempt employees for Defendant 32nd Street Used Tires, Inc. and were not fully-paid for their overtime work which Defendant 32nd Street Used Tires, Inc. should have paid within the last three years.

39.     Stated another way, Plaintiff seeks to bring this action as a collective action under the FLSA against Defendant 32nd Street Used Tires, Inc. on behalf of all hourly employees of Defendant 32nd Street Used Tires, Inc. who worked for Defendant more than forty hours in one or more workweeks in the last three years and were not paid all overtime compensation owed by Defendant 32nd Street Used Tires, Inc..

40.     The employment policies, practices and agreements of Defendant 32nd Street Used Tires, Inc. raise questions of fact common to the proposed collective group including:

      a.   whether Defendant has engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed collective group to work in excess of forty hours per workweek for the benefit of Defendant and without appropriate compensation, in violation of the FLSA;

      b.   whether Defendant has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiff and members of the

proposed collective group, or of keeping such records but then falsifying them or not paying employees in accordance with them, in violation of the FLSA;

c.   whether the conduct of Defendant was willful;

d.   whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

41.   The claims of Plaintiff are similar to those of the members of the proposed collective group, in that Plaintiff has been subject to the same conduct as members of the proposed collective group and Plaintiff's claims are based on the same legal theory as members of the collective group.

42.   The Collective members are victims of Defendant 32nd Street Used Tires, Inc.'s unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

43.   Defendant 32nd Street Used Tires, Inc.'s failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Collective.

44.   The similarly-situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

45.   Upon information and belief, the amounts of time improperly deducted from each similarly-situated employee will also be readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

46.   Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section

16(b) of the FLSA, 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS RELATING TO DEFENDANT 32nd Street Used Tires, Inc.'S VIOLATION OF STATE LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23**

47.     Plaintiff brings this action under the Kentucky Wages and Hours Act on behalf of herself and all similarly-situated current and former employees of Defendant 32nd Street Used Tires, Inc. who worked for Defendant 32nd Street Used Tires, Inc. and were not fully-paid for their work, including their overtime work for which for Defendant which Defendant should have paid within the last five years

48.     Plaintiff brings Counts II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of herself and the following class: all similarly-situated current and former employees of Defendant 32nd Street Used Tires, Inc. who worked as non-exempt employees for Defendant 32nd Street Used Tires, Inc. and were not fully-paid for their overtime work which Defendant 32nd Street Used Tires, Inc. should have paid within the last five years.

49.     Plaintiff is a member of the class she seeks to represent.

50.     Defendant failed to pay Plaintiff and the members of the class she seeks to represent wages for work performed, as described herein, in violation of the KWHA.

51.     Under the KWHA, employers are required to pay overtime compensation to non-exempt employees for overtime work performed by such employees.

52.     As Plaintiff and the similarly-situated employees were non-exempt, Defendant's refusal to pay Plaintiff and Class Members overtime compensation for overtime hours worked violated the KWHA.

53.     Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

54.     All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including: (1) whether Defendant paid them overtime compensation for all overtime worked; and (2) whether Defendant failed to pay them the full amount of overtime compensation earned.

55.     Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality.  Defendant's failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff.  Rather, it arose from Defendant's common pay policies of not paying overtime pay, which Defendant applied generally to their employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

56.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

57.     Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

58.     By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

**COUNT I**

**VIOLATION OF FLSA**
**NONPAYMENT OF OVERTIME COMPENSATION**

59.     Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

60.     Defendant 32nd Street Used Tires, Inc. is subject to the wage requirements of the FLSA because Defendant 32nd Street Used Tires, Inc. is an "employer" under 29 U.S.C. § 203(d).

61.     During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

62.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he or she is employed.  See 29 U.S.C. § 207(a)(1).

63.     Defendant 32nd Street Used Tires, Inc. is not exempt from the requirements of the FLSA with respect to the employment of Plaintiff and the FLSA Collective.

64.     Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

65.     Defendant 32nd Street Used Tires, Inc. knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

66.     Defendant 32nd Street Used Tires, Inc. willfully violated the FLSA by engaging in a pattern or practice (or patterns or practices) of:

a. failing to keep accurate records showing all the time it permitted and/or required Plaintiff and members of the proposed collective to work, from the first compensable act to the last compensable act;

b. permitting and/or requiring Plaintiff and FLSA Collective to perform integral and indispensable activities (*i.e.*, work) in excess of forty hours in a work week, for the benefit of Defendant and without compensation at the applicable federal overtime rates;

c. failing to pay employees for compensable time worked prior to "clocking in"; and

d. improperly deducting pay from employees for time worked between "clocking in" and "clocking out" based on an assertion that such deductions were acceptable to account for "travel time" underground.

67.     Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant 32nd Street Used Tires, Inc., who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

68.     Because Defendant Steven M. Dalton controlled Defendant 32nd Street Used Tires, Inc. in causing Defendant 32nd Street Used Tires, Inc. to violate the Fair Labor Standards Act with respect to Plaintiff and the FLSA Collective, Defendant Steven M. Dalton should be held jointly liable with Defendant 32nd Street Used Tires, Inc. to Plaintiff and the FLSA Collective for the violations of Defendant 32nd Street Used Tires, Inc..

## COUNT II

## VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ*. BY NONPAYMENT OF WAGES.

69.     All previous paragraphs are incorporated as though fully set forth herein.

70.     Plaintiff bring this claim on behalf of all members of the proposed Rule 23 Class.

71.     Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq.*

72.     KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

73.     During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

74.     During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

75.     Defendant 32nd Street Used Tires, Inc. is not exempt from providing Plaintiff and Class Members the KWHA's overtime benefits because the employees do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

76.     Defendant 32nd Street Used Tires, Inc. has violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked in excess of forty per workweek at one and one-half their "regular rate" of pay.

77.     In violating the KWHA, Defendant 32nd Street Used Tires, Inc. acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

78.     Pursuant to KY. REV. STAT. ANN. § 337.385, Defendant 32nd Street Used Tires, Inc., because it failed to pay employees the required amount of wages and overtime at the statutory rate, should be found liable to the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

79.     Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

80.     Because Defendant Steven M. Dalton controlled Defendant 32nd Street Used Tires, Inc. in causing Defendant 32nd Street Used Tires, Inc. to violate the Kentucky Wages and Hours Act with respect to Plaintiff and the Rule 23 Class, Defendant Steven M. Dalton should be held jointly liable with Defendant 32nd Street Used Tires, Inc. to Plaintiff and the Rule 23 Class for the violations of Defendant 32nd Street Used Tires, Inc..

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that the Court:

A.      Issue process and bring Defendants before the Court;

B.      Authorize notice to issue to members of the proposed collective action and permitting similarly-situated persons a reasonable opportunity to join this litigation with respect to claims under the FLSA;

C.      Certify under Rule 23 a class of similarly-situated employees whose rights were violated by Defendant under state law, and grant relief available under applicable state law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class;

D.      Empanel a jury for the trial of all issues of fact;

E.      Enter a judgment against Defendant 32nd Street Used Tires, Inc. and Defendant Steven M. Dalton, jointly and severally, awarding Plaintiff, the FLSA Collective and the Rule 23 Class damages in the amount of the unpaid overtime compensation, plus liquidated damages in a like amount, in amounts to be proven at trial;

F.      Award Plaintiff, the FLSA Collective and the Rule 23 Class all costs of litigation, including expert fees and attorneys' fees;

   G.  Grant Plaintiff, the FLSA Collective and the Rule 23 Class such other further and/or

general, legal and/or equitable relief to which they are entitled or which the Court otherwise deems

appropriate.

        Respectfully submitted,

        /s/ Mark N. Foster
        Mark N. Foster
        Law Office of Mark N. Foster, PLLC
        P.O. Box 869
        Madisonville, KY 42431
        (270) 213-1303
        Mfoster@MarkNFoster.com
        *Counsel for Plaintiff*